UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOSE INTERESTED UNDERWRITERS AT LLOYD'S, LONDON and THE WURTTEMBERGISCHE VERSICHERUNGS AG the subscribers to the contract of insurance numbered BB 040010/19 | : | |
| Plaintiffs, | : | |
| -vs.- | : | CA No: 06-33T |
| MORVILLO AND SONS, INC.; and LEE'S MANUFACTURING CO. INC., | : | |
| Defendant | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCEED THE PAGE LIMITATIONS IN ITS MEMORANDUM OF LAW, DATED APRIL 24, 2006, SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' SECOND AND FOURTH COUNTERCLAIMS**

Plaintiffs, THOSE INTERESTED UNDERWRITERS AT LLOYD'S, LONDON and WURTTEMBERGISCHE VERSICHERUNGS AG the subscribers to the contract of insurance numbered BB 040010/19 (henceforth, collectively referred to herein as "Underwriters"), by their attorneys Carol, Kelly & Murphy, respectfully submit this Memorandum of Law in support of their motion to exceed the page limit, in the Memorandum of Law, dated April 24, 2006, submitted in support of Plaintiffs' motion, pursuant to FRCP 9(b) and 12(b)(6), to dismiss with prejudice the Second and Fourth Counterclaims of Defendant, MORVILLO AND SONS, INC.; and LEE'S MANUFACTURING CO. INC. (henceforth, "Morvillo").

**PRELIMINARY STATEMENT**

Plaintiffs seek the Court's permission to file a Memorandum of Law that exceeds the fifteen (15) page limit by nine (9) pages, including the signature page.

## STATEMENT OF FACTS

The underlying action was commenced by Underwriters because they do not agree with defendant Morvillo over whether an insurance claim that was submitted by Morvillo was covered pursuant to the terms of the contract of insurance numbered BB 040010/19 (the "Policy"). At the heart of the disagreement lie a series of transactions between Morvillo and a third party whereby Morvillo delivered manufactured gold jewelry components to the third party and was paid for some but not all of the property delivered.

After investigating the claim and the nature of the underlying transactions involved in the claim, Underwriters disclaimed coverage and immediately thereafter commenced this action in order to obtain a ruling from this Court as to its rights and obligations under the Policy.

In an attempt to distract the Court and Underwriters from the core issues at hand (i.e. the nature of the transactions and the scope of coverage under the insurance policy), Morvillo has alleged counterclaims for fraud, bad faith and estoppel. Plaintiffs' Motion to Dismiss addresses the fraud and estoppel claims, which Underwriters submit should be dismissed for failure to state a claim upon which relief can be granted.

As set forth more fully below, in connection with its attempt to adequately and thoroughly set forth the relevant facts and law, relating to its motion to dismiss, Underwriters respectfully submit that it was necessary to exceed the fifteen (15) page limit.

## ARGUMENT

Underwriters' memorandum of law in support of its motion to dismiss exceeds the page limit as a result of the complicated facts involved, the multiple legal grounds for dismissal presented, and the difficulty in interpreting the vague pleadings of the defendant.

The facts required a thorough explanation. As noted above, Underwriters decision to deny Morvillo's claim is based upon its analysis of seven transactions which took place between Morvillo and a third party. Therefore, to the extent that Morvillo has alleged that the denial of its claim gives rise to a claim for fraud, Underwriters submit that in its attempt to show the Court why no fraud has been alleged, some discussion of the underlying transactions and Underwriters basis for denying coverage is necessary. Indeed, the Statement of Facts exceeds five pages. However, Underwriters attempted to describe the transactions in as brief a manner as possible while remaining accurate to the pleadings and without over generalizing.

Underwriters make multiple legal arguments. Underwriters submit that there are several grounds for dismissing each of the counterclaims. Therefore, in order to avoid any arguments that Underwriters might have waived certain arguments, they were compelled to make each argument available. However, Underwriters attempted to present its legal argument in as concise a manner as was possible.

Finally, Morvillo's Amended Answer and Counterclaims were drafted in a manner that required additional explanation on certain points. For example, Morvillo's pleadings are vague and conclusory. Therefore, Underwriters were required at times to infer from the pleadings what Morvillo's position was, and in order to be fair and

thorough Underwriters had to address alternative interpretations. However, in its attempt to adequately present Morvillo's allegations and claims, Underwriters attempted to do so in as concise a manner as possible.

For the foregoing reasons, Underwriters respectfully request that the Court permit its Memorandum of Law, dated April 24, 2006, to be submitted in its current length.

**WHEREFORE,** Plaintiffs move this Court to enter an order granting it permission to file a memorandum of law that exceeds the fifteen (15) page limit by a total of nine (9) pages.

CARROLL KELLY & MURPHY
By: C. Russell Bengtson

C. Russell Bengtson (1233)
Carroll, Kelly & Murphy
Counsel for Plaintiffs
One Turks Head Place, Suite 400
Providence, Rhode Island 02903
Tele. No.: (401) 331-7272
Fax No.: (401) 331-4404

Owen B. Carragher, Jr.
Peter J. Rossi
Lankler & Carragher, LLP
845 Third Avenue
17th Floor
New York, NY 10022
Tel. No.: (212) 812-8910
Fax No.: (212) 812-8920

Applications for admission *pro hac vice* for Owen B. Carragher, Jr. and Peter J. Rossi are pending before the Court.

GRANTED
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
5/4/06

## CERTIFICATION

I hereby certify that a true copy of the within was hand delivered to J. Scott Kilpatrick, Esquire, Chisholm Chisholm & Kilpatrick, One Turks head Place, Suite 1313, Providence, RI 02903 on the 26th Day of April, 2006.

Mary Ann Lisarelli